## No. 3239.—Penelope Andrews and Husband *v.* Henry Ware.

Movables, acquired subsequent to the dissolution of the marriage by the surviving spouse, do not constitute a part of the community. Therefore, if the survivor has sold a plantation and conveyed with it all the movables and fixtures belonging to the community, the vendor or his assignee may recover from the vendee all the movables expressly reserved in the act of sale, as not constituting a part or portion of the community, on showing that they have been acquired since its dissolution.

APPEAL from the Fifth District Court, parish of Iberville. *Posey, J. W. B. Robertson*, for plaintiffs and appellees. *Barrow & Pope*, for defendant and appellant.

WYLY, J. The plaintiff, the transferree of John Andrews, sues the defendant for certain movable property mentioned in the petition, on the plantation sold to him by said John Andrews and which, she contends, was not included in the act of sale.

We find in the act of sale from John Andrews to the defendant the

following clauses, to wit: "The said plantation above described being sold, together with all the buildings, improvements and appurtenances thereon being and thereunto belonging, consisting chiefly in a dwelling house, sugar house, sugar mill, steam engine, saw mill, etc., and all machinery and fixtures belonging to said engine and mills, the said purchaser, having well examined the same, requires no further or more particular description thereof; the said parties, vendors, intending by this sale to include all the property of whatever nature or kind soever belonging to the community of acquets and gains which existed between the said John Andrews and his deceased wife, and in which his said children and co-vendors are interested; the said John Andrews hereby reserving from said sale all live stock, plantation utensils, agricultural implements, household and kitchen furniture and utensils, carriages, buggies, and generally all movable articles of any nature or kind whatsoever now on said plantation, which movables thus reserved do not belong to said community, but are the separate and individual property of said John Andrews."

It appears that the wife of John Andrews died in 1848, and the movables claimed by the plaintiff were acquired by him since the death of his wife.

The articles claimed, and for which the court gave judgment in favor of the plaintiff, are all movables, and are expressly reserved in the act of sale, being the separate property of said John Andrews.

Whether the arbitration was valid or not, the evidence shows that the plaintiff is entitled to the property for which the court gave her judgment.

Let the judgment be affirmed with costs.